IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA f/u/b/o<br>SPECIALTY CONSTRUCTION<br>MANAGEMENT, INC.<br>1818 New York Avenue, N.E., Suite 229<br>Washington, D.C. 20002<br><br>and<br><br>SPECIALTY CONSTRUCTION<br>MANAGEMENT, INC.<br>1818 New York Avenue, N.E., Suite 229<br>Washington, D.C. 20002<br><br>       Plaintiffs,<br><br>       v.<br><br>LEXON INSURANCE COMPANY<br>10002 Shelbyville Road, Suite 100<br>Louisvillle, KY  40223<br><br>SERVE STATUTORY AGENT:<br><br>Thomas E. Hampton<br>Commissioner<br>Division of Insurance, Securities and<br>Banking<br>810 First Street, N.E., Suite 701<br>Washington, D.C.  20002<br><br>and<br><br>BOND SAFEGUARD INSURANCE<br>AGENCY aka BOND SAFEGUARD<br>INSURANCE COMPANY<br>1919 S. Highland Avenue, Bldg. A, Suite 300<br>Lombard, IL  60148<br><br>SERVE STATUTORY AGENT: | COMPLAINT<br><br>No. |

99439/F/3

| | |
|---|---|
| Thomas E. Hampton )<br>Commissioner )<br>Division of Insurance, Securities and )<br>Banking )<br>810 First Street, N.E., Suite 701 )<br>Washington, D.C. 20002 )<br>)<br>and )<br>)<br>WESTERN INSURANCE COMPANY )<br>3301 South Virginia Street )<br>Reno, NV 89502 )<br>)<br><u>SERVE STATUTORY AGENT</u>: )<br>)<br>Thomas E. Hampton )<br>Commissioner )<br>Division of Insurance, Securities and )<br>Banking )<br>810 First Street, N.E., Suite 701 )<br>Washington, D.C. 20002 )<br>)<br>and )<br>)<br>WESTON SOLUTIONS, INC. )<br>14 Weston Way )<br>P.O. Box 2653 )<br>West Chester, PA 19380 )<br>)<br><u>SERVE REGISTERED AGENT</u>: )<br>Prentice Hall Corporation System )<br>1090 Vermont Avenue, N.W. )<br>Washington, D.C. 20005 )<br>)<br>     Defendants. ) | COMPLAINT |

## COMPLAINT

Use-Plaintiff The United States of America f/u/b/o Specialty Construction Management, Inc. and Specialty Construction Management, Inc. ("SCM") hereby bring this Complaint against Lexon Insurance Company ("Lexon"), Bond Safeguard Insurance Company aka Bond Safeguard Insurance Agency ("Bond Safeguard"), Western Insurance Company ("Western") and Weston Solutions, Inc. ("Weston") and state in support thereof as follows:

## THE PARTIES

1. Use-Plaintiff and Plaintiff SCM is a contractor located at 1818 New York Avenue, N.E., Suite 229, Washington, D.C. 20002.

2. Defendant Lexon, Bond Safeguard and Western, on information and belief, is a corporation duly authorized to engage in the business of executing surety bonds in the District of Columbia.

3. Defendant Weston is a corporation doing business in Washington, D.C. with offices located at 1400 Weston Way, West Chester, PA 19380.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter pursuant to the Miller Act, United States Code 40 U.S.C. §§ 3131(a) et seq.

5. Pursuant to the Miller Act, 40 U.S.C. § 3131(b), venue is proper in this Court since the project is located at Bolling in the District of Columbia and the Prime Contract was performed in Washington, D.C.

## FACTS

6. Weston, the prime contractor on the project, entered into Contract No. FA8903-04-D-8681 0091 (the "Prime Contract") with the United States government to perform certain work at Bolling Air Force Base in Washington, D.C.

7. Pursuant to the terms of the Prime Contract, Weston as principal and Safeco as surety executed and delivered to the United States their Payment Bond (the "Bond" attached as Exhibit 1 hereto), conditioned as required by the Miller Act, for the protection of all persons supplying labor and materials in the prosecution of the work provided for in the Prime Contract.

8. SCM entered into a Subcontract with Weston whereby SCM agreed to perform certain Renovation, Demolition and Remediation work required of Weston under its Prime Contract with the United States. A project number of BXUR-03-0005 has been identified. During the course of performance, SCM was requested to perform additional work, including requiring SCM to accelerate performance of work on the Project at additional cost and expense to SCM. SCM's work was also impacted due to the work of Weston.

9. SCM performed all work requested of it in a workmanlike and timely fashion and is entitled to be paid in full for the work it performed.

10. SCM has performed work but for which it remains unpaid, without legal justification or excuse, in the amount of at least $900,000.00. This amount has been due and owing for more than 90 days but less than one year.

11. SCM has made repeated attempts to arrange a meeting with Weston and the Owner to resolve outstanding change orders relating to the Owner but Weston, without legal justification or excuse, has failed to arrange such a meeting.

12. Despite SCM's repeated written demand for payment, Weston and Safeco have failed and refused to make payment to SCM. Weston's failure to make payment is a material breach of the

Subcontract between Weston and SCM. Lenox, Bond Safeguard, Western Insurance's and Weston's failure to make payment under the Bond is a material breach of their Bond obligation.

## COUNT I
### (Bond Claim)

13. The preceding paragraphs 1-12 are incorporated as if fully set forth herein.

14. A period of more than 90 days but less than one year after the day on which the last labor was performed or materials supplied to the Project by SCM has elapsed on outstanding invoices currently totaling at least $900,000.00. SCM has not been paid for the aforesaid labor or materials.

15. SCM has satisfied all conditions precedent to payment of the amount due including placing the surety on notice of SCM's claims. Alternatively, Lenox, Bond Safeguard and Western Insurance has waived or excused all conditions precedent.

16. SCM is a person entitled to the protection of the Miller Act, United States Code 40 U.S.C. § 3131(a) et seq. and is also a person protected by the Bond furnished by Lexon, Bond Safeguard, Western Insurance and Weston.

17. SCM is a claimant under the Bond; its claim, set forth herein, is recoverable under the Bond and the Miller Act; and all conditions precedent for its recovery hereunder have either been performed, have been satisfied, or have been waived.

18. By reason of the foregoing, Lexon, Bond Safeguard, Western Insurance and Weston are justly indebted to SCM under the Bond in the sum of at least $900,000.00, plus interest as allowed by law.

WHEREFORE, the United States of America f/u/b/o Specialty Construction Management, Inc. demands judgment against Lexon Insurance Company, Bond Safeguard Insurance Company aka Bond Safeguard Insurance Agency, Western Insurance Company and Weston Solutions, Inc., jointly

and severally, in the amount of at least $900,000.00, plus interest as allowed by law, costs and such other and further relief as this Court deems just and proper.

## COUNT II
### (Breach of Contract Claim)

19. The preceding paragraphs 1-18 are incorporated as if fully set forth herein.

20. Weston is indebted to SCM in the sum of at least $900,000.00.

21. Weston's failure to make payment as due is a material breach of the subcontract between SCM and Weston.

WHEREFORE, Specialty Construction Management, Inc. demands judgment against Weston Solutions, Inc. in the amount of at least $900,000.00 plus interest as allowed by law, costs and such other and further relief as this Court deems just and proper.

Date: May 14, 2007                             Respectfully submitted,

                                               BELL, BOYD & LLOYD LLP

                                               By_____
                                               Andrew N. Cook (D.C. Bar 416199)
                                               1615 L Street, N.W., Suite 1200
                                               Washington, DC 20036-5610
                                               Telephone:  (202) 466-6300
                                               Facsimile:  (202) 463-0678
                                               Attorneys for Plaintiffs

| REINSURANCE AGREEMENT FOR A MILLER ACT PAYMENT BOND (See Instruction on reverse) | OMB No.:9000-0046 |
|---|---|

Public reporting burden for this collection of information is estimated to average 25 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the FAR Secretariat (MVR), Federal Acquisition Policy Division, GSA, Washington, DC 20405.

| 1. DIRECT WRITING COMPANY* | 1A. DATE DIRECT WRITING COMPANY EXECUTES THIS AGREEMENT |
|---|---|
| Lexon Insurance Company<br>10002 Shelbyville Road, Suite 100<br>Louisville, KY 40223 | 11-17-04 |
| | 1B. STATE OF INCORPORATION |
| | Texas |
| 2. REINSURING COMPANY* | 2A. AMOUNT OF THIS REINSURANCE |
| Western Insurance Company<br>3301 South Virginia St.<br>Reno, NV 89502 | $ 289,124.00 |
| | 2B. DATE REINSURING COMPANY EXECUTES THIS AGREEMENT September 29, 2004 |
| | 2C. STATE OF INCORPORATION |
| | Nevada |

| 3. DESCRIPTION OF CONTRACT | 4. DESCRIPTION OF BOND |
|---|---|
| 3A. AMOUNT OF CONTRACT<br>$3,163,124.00 | 4A. PENAL SUM OF BOND<br>$3,163,124.00 |
| 3B. CONTRACT DATE 09-29-04 | 3C. CONTRACT NO. FA8903-04-D-8681-0091 | 4B. DATE OF BOND 09-29-04 | 4C. BOND NO. 1007312 |
| 3D. DESCRIPTION OF CONTRACT<br>Add/Alter Youth Center, Bldg 4485<br>Bolling AFB, Washington, DC | 4D. PRINCIPAL*<br>Weston Solutions, Inc.<br>1400 Weston Way<br>West Chester, PA 19380 |
| 3E. CONTRACTING AGENCY<br>Air Force Material Command, Brooks City Base-TX | 4E. STATE OF INCORPORATION (If Corporate Principal)<br>Pennsylvania |

AGREEMENT:

(a) The Direct Writing Company named above is bound as a surety on the payment bond described above, wherein the above described is the principal, for the protection of all persons supplying labor and material on the contract described above, which is for the construction, alteration, or repair of a public building or public work of the United States. The payment bond is for the use of persons supplying labor or material, and is furnished to the United States under the Act of August 24, 1935, as amended (40 U.S.C. 270a-270e), known as the Miller Act. The Direct Writing Company has applied to the Reinsuring Company named above to be reinsured and countersecured in the amount above opposite the name of the Reinsuring Company (referred to as "Amount of this Reinsurance"), or for whatever amount less than the "Amount of this Reinsurance" the Direct Writing Company is liable to pay under or by virtue of the payment bond.

(b) For a sum mutually agreed upon, paid by the Direct Writing Company to the Reinsuring Company which acknowledges its receipt, the parties to this Agreement covenant and agree to the terms and conditions of this agreement.

TERMS AND CONDITIONS:

The purpose and intent of this agreement is (a) to guarantee and indemnify the persons who have furnished or supplied labor or material in the prosecution of the work provided for in the contract referred to above (hereinafter referred to as "laborers and materialmen," the term "materialmen" including persons having a direct contractual relation with a subcontractor but no contractual relationship expressed or implied with the contractor who has furnished the said payment bond) against loss under the payment bond to the extent of the "Amount of this Reinsurance," or for any sum less than the "Amount of this Reinsurance," that is owing and unpaid by the Direct Writing Company to the "laborers and materialmen" on the payment bond; and (b) to make the "laborers and materialmen" obligees under this Reinsurance Agreement to the same extent as if their respective names were written herein.

THEREFORE:

1. The Reinsuring Company covenants and agrees -

(a) To pay the "Amount of this Reinsurance" to the "laborers and materialmen" in the event of the Direct Writing Company's failure to pay to the "laborers and materialmen" any default under the payment bond equal to or in excess of the "Amount of this Reinsurance"; and

(b) To pay (1) the full amount to the "laborers and materialmen," or (2) the amount not paid to them by the Direct Writing Company; in case the Direct Writing Company fails to pay the "laborers and materialmen" any default under the payment bond less than the "Amount of this Reinsurance."

*Items 1, 2, 4D - Furnish legal name, business address and ZIP Code.    (Over)

AUTHORIZED FOR LOCAL REPRODUCTION
Previous edition is unusable

STANDARD FORM 274 (REV. 10-98)
Prescribed by GSA - FAR (48 CFR) 53.228(l)



2. The Reinsuring Company and the Direct Writing Company covenant and agree that, in the case of default on the payment bond for the "Amount of this Reinsurance," or more, the persons given a "right of action" or a "right to sue" on the payment bond by section 2(a) of the Miller Act (40 U.S.C. 270b(a)) may bring suit against the Reinsuring Company in the United States District Court for the district in which the contract described above is to be performed and executed for the "Amount of this Reinsurance" or, if the amount of the default is for less than the "Amount of this Reinsurance," for whatever the full amount of the default may be. The Reinsuring Company further covenants and agrees to comply with all requirements necessary to give such court jurisdiction, and to consent to determination of matters arising under this Reinsurance Agreement in accordance with the law and practice of the court. It is expressly understood by the parties that the rights, powers, and privileges given in this paragraph to persons are in addition to or supplemental to or in accordance with other rights, powers, and privileges which they might have under the statutes of the United States, any States, or the other laws of either, and should not be construed as limitations.

3. The Reinsuring Company and the Direct Writing Company further covenant and agree that the Reinsuring Company designates the process agent, appointed by the Direct Writing Company in the district in which the contract is to be performed and executed, as an agent to accept service of process in any suit instituted on this Reinsurance Agreement, and that the process agent shall send, by registered mail, to the Reinsuring Company at its principal place of business shown above, a copy of the process.

4. The Reinsuring Company and the Direct Writing Company further covenant and agree that this Reinsurance Agreement is an integral part of the payment bond.

WITNESS:

The Direct Writing Company and the Reinsuring Company, respectively, have caused this Agreement to be signed and impressed with their respective corporate seals by officers possessing the power to sign this instrument, and to be duly attested to by officers empowered thereto, on the day and date in Item 1A written opposite their respective names.

| 5. DIRECT WRITING COMPANY | | |
|---|---|---|
| 5A.(1) SIGNATURE | (2) ATTEST SIGNATURE | Corporate Seal |
| 5B.(1) NAME AND TITLE (Typed) <br> Brook T. Smith, Attorney-in-Fact | (2) NAME AND TITLE (Typed) <br> Myrtie F. Henry, Bond Assistant | |
| 6. REINSURING COMPANY | | |
| 6A.(1) SIGNATURE | (2) ATTEST SIGNATURE | Corporate Seal |
| 6B.(1) NAME AND TITLE (Typed) <br> Janice L. Bowman, Chief Operating Officer | (2) NAME AND TITLE (Typed) <br> Clovia Lehta, Surety Underwriter | |

INSTRUCTIONS

This form is to be used in cases where it is desired to cover the excess of a Direct Writing Company's underwriting limitation by reinsurance instead of co-insurance on Miller Act payment bonds running to the United States. See FAR (48 CFR) 28.202-1 and 53.228(i).

Execute and file this form as follows:

Original and copies (as specified by the bond-approving officer), signed and sealed, shall accompany the bond or be filed within the time period shown in the bid or proposal.

One carbon copy, signed and sealed, shall accompany the Direct Writing Company's quarterly Schedule of Excess Risks filed with the Department of Treasury.

Other copies may be prepared for the use of the Direct Writing Company and Reinsuring Company. Each Reinsuring Company should use a separate form.

STANDARD FORM 274 (REV. 10-98) BACK

POWER OF ATTORNEY

# Lexon Insurance Company

LX- 012180

KNOW ALL MEN BY THESE PRESENTS, that LEXON INSURANCE COMPANY, a Texas Corporation, with its principal office in Louisville, Kentucky, does hereby constitute and appoint: John B. Manus, Linda Gibson, Mary E. Joseph, Megan Kaelin, Tammy Masterson, Brook T. Smith, Kathy Hobbs, Raymond M. Hundley, Jason D. Cromwell, James H. Martin, Sandra F. Harper, Myrtie F. Henry, Julie Radican

its true and lawful Attorney(s)-In-Fact to make, execute, seal and deliver for, and on its behalf as surety, any and all bonds, undertakings or other writings obligatory in nature of a bond.

This authority is made under and by the authority of a resolution which was passed by the Board of Directors of LEXON INSURANCE COMPANY on the 1st day of July, 2003 as follows:

Resolved, that the President of the Company is hereby authorized to appoint and empower any representative of the Company or other person or persons as Attorney-In-Fact to execute on behalf of the Company any bonds, undertakings, policies, contracts of indemnity or other writings obligatory in nature of a bond not to exceed $2,500,000.00, Two-million five hundred thousand dollars, which the Company might execute through its duly elected officers, and affix the seal of the Company thereto. Any said execution of such documents by an Attorney-In-Fact shall be as binding upon the Company as if they had been duly executed and acknowledged by the regularly elected officers of the Company. Any Attorney-In-Fact, so appointed, may be removed for good cause and the authority so granted may be revoked as specified in the Power of Attorney.

Resolved, that the signature of the President and the seal of the Company may be affixed by facsimile on any power of attorney granted, and the signature of the Vice President, and the seal of the Company may be affixed by facsimile to any certificate of any such power and any such power or certificate bearing such facsimile signature and seal shall be valid and binding on the Company. Any such power so executed and sealed and certificate so executed and sealed shall, with respect to any bond of undertaking to which it is attached, continue to be valid and binding on the Company.

IN WITNESS THEREOF, LEXON INSURANCE COMPANY has caused this instrument to be signed by its President, and its Corporate Seal to be affixed this 2nd day of July, 2003.



LEXON INSURANCE COMPANY

BY _____
David E. Campbell
President

## ACKNOWLEDGEMENT

On this 2nd day of July, 2003, before me, personally came David E. Campbell to me known, who being duly sworn, did depose and say that he is the President of LEXON INSURANCE COMPANY, the corporation described in and which executed the above instrument; that he executed said instrument on behalf of the corporation by authority of his office under the By-laws of said corporation.

"OFFICIAL SEAL"
LYDIA J. DEJONG
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 1/12/2007

_____
Lydia J. DeJong
Notary Public

## CERTIFICATE

I, the undersigned, Secretary of LEXON INSURANCE COMPANY, A Texas Insurance Company, DO HEREBY CERTIFY that the original Power of Attorney of which the foregoing is a true and correct copy, is in full force and effect and has not been revoked and the resolutions as set forth are now in force.

Signed and Sealed at Lombard, Illinois this _17th_ Day of _November_ 20_04_.

_____
Donald D. Buchanan
Secretary

# WESTERN INSURANCE COMPANY            300472

## POWER OF ATTORNEY

KNOW ALL MEN BY THESE PRESENTS: That WESTERN INSURANCE COMPANY, a corporation organized and existing under the laws of the State of Nevada and having its principal office at the City of Reno, in the State of Nevada, does hereby constitute and appoint

Dick L. Rottman, Bradley A. Pearce, Roger A. Hill, Janice L. Bowman,
R. Scott Rottman, Clovis L. Lehto, Amy J. Simpson

of the City of RENO, State of NEVADA its true and lawful Attorney(s)-in-Fact, each in their separate capacity if more than one is named above, to sign its name as surety to, and to execute, seal and acknowledge any and all bonds, undertakings, contracts and other written instruments in the nature thereof on behalf of the Company in its business of guaranteeing the fidelity of persons; guaranteeing the performance of contracts; and executing the guaranteeing bonds and undertakings required or permitted in any actions or proceedings allowed by law.

In Witness Whereof, the said WESTERN INSURANCE COMPANY has caused this instrument to be sealed with its corporate seal, duly attested by the signatures of its President and Secretary, this 5TH day of February, 1994.

WESTERN INSURANCE COMPANY



(Signed) By _____ President

(Signed) By _____ Secretary

STATE OF NEVADA)
                 SS:
RENO           )

On this 5TH day of FEBRUARY, 1994, before me personally came DICK L. ROTTMAN, President of the WESTERN INSURANCE COMPANY and CAROL B. INGALLS, Secretary of said Company, with both of whom I am personally acquainted, who being by me severally duly sworn, said, that they, the said DICK L. ROTTMAN and CAROL B. INGALLS were respectively the President and the Secretary of the said WESTERN INSURANCE COMPANY, the corporation described in and which executed the foregoing Power of Attorney; that they each knew the seal of said corporation; that the seal affixed to said Power of Attorney was such corporate seal, that it was so affixed by order of the Board of Directors of said corporation, and that they signed their names thereto by like order as President and Secretary, respectively, of the Company.

My Commission expires the 16TH day in OCTOBER, 1995.

(Signed) _____ NOTARY PUBLIC

This Power of Attorney is granted under and by authority of the following Resolutions adopted by the Board of Directors of the WESTERN INSURANCE COMPANY on February 4, 1994:

RESOLVED, that in connection with the fidelity and surety insurance business of the Company, all bonds, undertakings, contracts and other instruments relating to said business may be signed, executed, and acknowledged by persons or entities appointed as Attorney(s)-in-Fact pursuant to a Power of Attorney issued in accordance with these resolutions. Said Power(s) of Attorney for and on behalf of the Company may and shall be executed in the name and on behalf of the Company, either by the Chairman, or the President, or a Vice President, jointly with the Secretary, under their respective designations. The signature of such officers may be engraved, printed or lithographed. The signature of each of the foregoing officers and the seal of the Company may be affixed by facsimile to any Power of Attorney or to any certificate relating thereto appointing Attorney(s)-in-Fact for purposes only of executing and attesting bonds and undertakings and other writings obligatory in the nature thereof, and, unless subsequently revoked and subject to any limitations set forth therein, any such Power of Attorney or certificate bearing such facsimile signature or facsimile seal shall be valid and binding upon the Company and any such power so executed and certified by such facsimile signature and facsimile seal shall be valid and binding upon the Company with respect to any bond or undertaking to which it is validly attached.

RESOLVED, that Attorney(s)-in-Fact shall have the power and authority, unless subsequently revoked and, in any case, subject to the terms and limitations of the Power of Attorney issued to them, to execute and deliver on behalf of the Company and to attach the seal of the Company to any and all bonds and undertakings, and other writings obligatory in the nature thereof, and any such instrument executed by such Attorney(s)-in-Fact shall be binding upon the Company as if signed by an Executive Officer and sealed and attested to by the Secretary of the Company.

I, CAROL B. INGALLS, Secretary of the WESTERN INSURANCE COMPANY, do hereby certify that the foregoing is a true excerpt from the Resolution of the said Company as adopted by its Board of Directors on February 4, 1994 and that this Resolution is in full force and effect.

I, the undersigned Secretary of the WESTERN INSURANCE COMPANY do hereby certify that the foregoing Power of Attorney is in full force and effect and has not been revoked.

In Testimony Whereof, I have hereunto set my hand and the seal of the WESTERN INSURANCE COMPANY on this 17th day of November, 2004.



_____ Secretary

BD ED (2-94)

| CONSENT OF SURETY AND INCREASE OF PENALTY | 1. CONTRACT NUMBER | 2. MODIFICATION NUMBER | 3. DATED |
|---|---|---|---|
| | FA8903-04-D-0091 | 01 | 11-17-04 |

The surety (co-sureties) consents (consent) to the foregoing contract modification and agrees (agree) that its (their) bond or bonds shall apply and extend to the contract as modified or amended. The principal and surety (co-sureties) further agree that on or after the execution of this consent, the penalty of the performance bond or bonds increased by Two Hundred Eighty Nine Thousand One Hundred Twenty Four & 00/100 dollars ($ 289,124.00 ) and the penalty of the payment bond or bonds is increased by _____ dollars ($ 289,124.00 ). However, the increase of the liability of each co-surety resulting from this consent shall not exceed the sums shown below.

| 5. NAME OF SURETY(IES) | 6. INCREASE IN LIABILITY LIMIT UNDER | 7. INCREASE IN LIABILITY LIMIT UNDER |
|---|---|---|
| Lexon Insurance Company | $ 2,005,000.00 | $ 2,005,000.00 |
| Bond Safeguard Insurance Agency | $ 603,000.00 | $ 603,000.00 |
| Western Insurance Company | $ 555,124.00 | $ 555,124.00 |

**INDIVIDUAL PRINCIPAL**
- A. BUSINESS ADDRESS:
- B. SIGNATURE:
- C. TYPED NAME AND TITLE:
- D. DATE THIS CONSENT EXECUTED:
- (Affix Seal)

**CORPORATE PRINCIPAL**
- A. CORPORATE NAME AND BUSINESS ADDRESS: Weston Solutions, Inc. / 1400 Weston Way / West Chester, PA 19380
- B. PERSON EXECUTING CONSENT (Signature): [signed]
- C. TYPED NAME AND TITLE: John D. Pauling, Vice President
- D. DATE THIS CONSENT EXECUTED: 11-17-04
- (Affix Corporate Seal)

The Principal or authorized representative shall execute this Consent of Surety with the modification to which it pertains. If the representative (e.g., attorney-in-fact) that signs the consent is not a member of the partnership, or joint venture, or an officer of the corporation involved, a power-of-Attorney or a Certificate of Corporate Principal must accompany the consent.

**10. CORPORATE/INDIVIDUAL SURETY (CO-SURETIES)**

| | A. CORPORATE/INDIVIDUAL SURETY'S NAME AND ADDRESS | B./C. PERSON EXECUTING CONSENT / TYPED NAME AND TITLE | |
|---|---|---|---|
| 1 | Lexon Insurance Company / 10002 Shelbyville Road / Louisville, KY 40223 | [signed] / Brook T. Smith, Attorney-in-Fact / F. DATE THIS CONSENT EXECUTED 11-17-04 | (Affix Corporate Seal) |
| 2 | Bond Safeguard Insurance Company / 1919 S. Highland Avenue, Bldg A, Ste 300 / Lombard, IL 60148 | [signed] / Brook T. Smith, Attorney-in-Fact / D. DATE THIS CONSENT EXECUTED 11-17-04 | (Affix Corporate Seal) |
| 3 | Western Insurance Company / 3301 South Virginia St / Reno, NV 89502 | [signed] / Janice L. Bowman, Attorney-in-fact / D. DATE THIS CONSENT EXECUTED 11-17-04 | (Affix Corporate Seal) |

Add similar signature blocks on the back of this form if necessary for additional co-sureties.

AUTHORIZED FOR LOCAL REPRODUCTION
Previous edition is usable

STANDARD FORM 1415 (REV. 7-1893)
Prescribed by GSA-FAR (48 CFR) 53.228(f)

# POWER OF ATTORNEY

## Lexon Insurance Company      LX- 012179

KNOW ALL MEN BY THESE PRESENTS, that LEXON INSURANCE COMPANY, a Texas Corporation, with its principal office in Louisville, Kentucky, does hereby constitute and appoint:

John B. Manus, Linda Gibson, Mary E. Joseph, Megan Kaelin, Tammy Masterson, Brook T. Smith, Kathy Hobbs, Raymond M. Hundley, Jason D. Cromwell, James H. Martin, Sandra F. Harper, Myrtie F. Henry, Julie Radican

its true and lawful Attorney(s)-In-Fact to make, execute, seal and deliver for, and on its behalf as surety, any and all bonds, undertakings or other writings obligatory in nature of a bond.

This authority is made under and by the authority of a resolution which was passed by the Board of Directors of LEXON INSURANCE COMPANY on the 1st day of July, 2003 as follows:

Resolved, that the President of the Company is hereby authorized to appoint and empower any representative of the Company or other person or persons as Attorney-In-Fact to execute on behalf of the Company any bonds, undertakings, policies, contracts of indemnity or other writings obligatory in nature of a bond not to exceed $2,500,000.00, Two-million five hundred thousand dollars, which the Company might execute through its duly elected officers, and affix the seal of the Company thereto. Any said execution of such documents by an Attorney-In-Fact shall be as binding upon the Company as if they had been duly executed and acknowledged by the regularly elected officers of the Company. Any Attorney-In-Fact, so appointed, may be removed for good cause and the authority so granted may be revoked as specified in the Power of Attorney.

Resolved, that the signature of the President and the seal of the Company may be affixed by facsimile on any power of attorney granted, and the signature of the Vice President, and the seal of the Company may be affixed by facsimile to any certificate of any such power and any such power or certificate bearing such facsimile signature and seal shall be valid and binding on the Company. Any such power so executed and sealed and certificate so executed and sealed shall, with respect to any bond of undertaking to which it is attached, continue to be valid and binding on the Company.

IN WITNESS THEREOF, LEXON INSURANCE COMPANY has caused this instrument to be signed by its President, and its Corporate Seal to be affixed this 2nd day of July, 2003.



LEXON INSURANCE COMPANY

BY _____
David E. Campbell
President

## ACKNOWLEDGEMENT

On this 2nd day of July, 2003, before me, personally came David E. Campbell to me known, who being duly sworn, did depose and say that he is the President of LEXON INSURANCE COMPANY, the corporation described in and which executed the above instrument; that he executed said instrument on behalf of the corporation by authority of his office under the By-laws of said corporation.

"OFFICIAL SEAL"
LYDIA J. DEJONG
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 1/12/2007

_____
Lydia J. DeJong
Notary Public

## CERTIFICATE

I, the undersigned, Secretary of LEXON INSURANCE COMPANY, A Texas Insurance Company, DO HEREBY CERTIFY that the original Power of Attorney of which the foregoing is a true and correct copy, is in full force and effect and has not been revoked and the resolutions as set forth are now in force.

Signed and Sealed at Lombard, Illinois this ___17th___ Day of _November_ 20_04_.

_____
Donald D. Buchanan
Secretary

POWER OF ATTORNEY        AO 19683

# Bond Safeguard INSURANCE COMPANY

KNOW ALL MEN BY THESE PRESENTS, that BOND SAFEGUARD INSURANCE COMPANY, an Illinois Corporation with its principal office in Lombard, Illinois, does hereby constitute and appoint: John B. Manus, Linda Gibson, Mary E. Joseph, Megan Kaelin, Tammy Masterson, Brook T. Smith, Kathy Hobbs, Raymond M. Hundley, Jason D. Cromwell, James H. Martin, Sandra F. Harper, Myrtie F. Henry, Julie Radican

its true and lawful Attorney(s)-In-Fact to make, execute, seal and deliver for, and on its behalf as surety, any and all bonds, undertakings or other writings obligatory in nature of a bond.

This authority is made under and by the authority of a resolution which was passed by the Board of Directors of BOND SAFEGUARD INSURANCE COMPANY on the 7th day of November, 2001 as follows:

Resolved, that the President of the Company is hereby authorized to appoint and empower any representative of the Company or other person or persons as Attorney-In-Fact to execute on behalf of the Company any bonds, undertakings, policies, contracts of indemnity or other writings obligatory in nature of a bond, $ 2,500,000.00 Two Million Five Hundred Thousand Dollars

which the Company might execute through its duly elected officers, and affix the seal of the Company thereto. Any said execution of such documents by an Attorney-In-Fact shall be as binding upon the Company as if they had been duly executed and acknowledged by the regularly elected officers of the Company. Any Attorney-In-Fact, so appointed, may be removed for good cause and the authority so granted may be revoked as specified in the Power of Attorney.

Resolved, that the signature of the President and the seal of the Company may be affixed by facsimile on any power of attorney granted, and the signature of the Vice President, and the seal of the Company may be affixed by facsimile to any certificate of any such power and any such power or certificate bearing such facsimile signature and seal shall be valid and binding on the Company. Any such power so executed and sealed and certificate so executed and sealed shall, with respect to any bond or undertaking to which it is attached, continue to be valid and binding on the Company.

IN WITNESS THEREOF, BOND SAFEGUARD INSURANCE COMPANY has caused this instrument to be signed by its President, and its Corporate Seal to be affixed this 7th day of November, 2001.

BOND SAFEGUARD INSURANCE COMPANY

BY _____
David E. Campbell
President

## ACKNOWLEDGEMENT

On this 7th day of November, 2001, before me, personally came David E. Campbell to me known, who being duly sworn, did depose and say that he is the President of BOND SAFEGUARD INSURANCE COMPANY, the corporation described in and which executed the above instrument; that he executed said instrument on behalf of the corporation by authority of his office under the By-laws of said corporation.

"OFFICIAL SEAL"
LYDIA J. DE JONG
Notary Public, State of Illinois
My Commission Expires 1/12/07

_____
Lydia J. DeJong
Notary Public

## CERTIFICATE

I, the undersigned, Secretary of BOND SAFEGUARD INSURANCE COMPANY, An Illinois Insurance Company, DO HEREBY CERTIFY that the original Power of Attorney of which the foregoing is a true and correct copy, is in full force and effect and has not been revoked and the resolutions as set forth are now in force.

Signed and Sealed at Lombard, Illinois this 17th Day of November, 2004

_____
Donald D. Buchanan
Secretary

# WESTERN INSURANCE COMPANY

300473

## POWER OF ATTORNEY

KNOW ALL MEN BY THESE PRESENTS: That WESTERN INSURANCE COMPANY, a corporation organized and existing under the laws of the State of Nevada and having its principal office at the City of Reno, in the State of Nevada, does hereby constitute and appoint

Dick L. Rottman, Bradley A. Pearce, Roger A. Hill, Janice L. Bowman,
R. Scott Rottman, Clovia L. Lehto, Amy J. Simpson

of the City of RENO, State of NEVADA its true and lawful Attorney(s)-in-Fact, each in their separate capacity if more than one is named above, to sign its name as surety to, and to execute, seal and acknowledge any and all bonds, undertakings, contracts and other written instruments in the nature thereof on behalf of the Company in its business of guaranteeing the fidelity of persons; guaranteeing the performance of contracts; and executing the guaranteeing bonds and undertakings required or permitted in any actions or proceedings allowed by law.

In Witness Whereof, the said WESTERN INSURANCE COMPANY has caused this instrument to be sealed with its corporate seal, duly attested by the signatures of its President and Secretary, this 5TH day of February, 1994.

WESTERN INSURANCE COMPANY

(Signed) By _____ President

(Signed) By _____ Secretary

STATE OF NEVADA)
                SS:
RENO          )

On this 5TH day of FEBRUARY, 1994, before me personally came DICK L. ROTTMAN, President of the WESTERN INSURANCE COMPANY and CAROL B. INGALLS, Secretary of said Company, with both of whom I am personally acquainted, who being by me severally duly sworn, said, that they, the said DICK L. ROTTMAN and CAROL B. INGALLS were respectively the President and the Secretary of the said WESTERN INSURANCE COMPANY, the corporation described in and which executed the foregoing Power of Attorney; that they each knew the seal of said corporation; that the seal affixed to said Power of Attorney was such corporate seal, that it was so affixed by order of the Board of Directors of said corporation, and that they signed their names thereto by like order as President and Secretary, respectively, of the Company.

My Commission expires the 16TH day in OCTOBER, 1995.



_____ NOTARY PUBLIC

This Power of Attorney is granted under and by authority of the following Resolutions adopted by the Board of Directors of the WESTERN INSURANCE COMPANY on February 4, 1994:

RESOLVED, that in connection with the fidelity and surety insurance business of the Company, all bonds, undertakings, contracts and other instruments relating to said business may be signed, executed, and acknowledged by persons or entities appointed as Attorney(s)-in-Fact pursuant to a Power of Attorney issued in accordance with these resolutions. Said Power(s) of Attorney for and on behalf of the Company may and shall be executed in the name and on behalf of the Company, either by the Chairman, or the President, or a Vice President, jointly with the Secretary, under their respective designations. The signature of such officers may be engraved, printed or lithographed. The signature of each of the foregoing officers and the seal of the Company may be affixed by facsimile to any Power of Attorney or to any certificate relating thereto appointing Attorney(s)-in-Fact for purposes only of executing and attesting bonds and undertakings and other writings obligatory in the nature thereof, and, unless subsequently revoked and subject to any limitations set forth therein, any such Power of Attorney or certificate bearing such facsimile signature or facsimile seal shall be valid and binding upon the Company and any such power so executed and certified by such facsimile signature and facsimile seal shall be valid and binding upon the Company with respect to any bond or undertaking to which it is validly attached.

RESOLVED, that Attorney(s)-in-Fact shall have the power and authority, unless subsequently revoked and, in any case, subject to the terms and limitations of the Power of Attorney issued to them, to execute and deliver on behalf of the Company and to attach the seal of the Company to any and all bonds and undertakings, and other writings obligatory in the nature thereof, and any such instrument executed by such Attorney(s)-in-Fact shall be as binding upon the Company as if signed by an Executive Officer and sealed and attested to by the Secretary of the Company.

I, CAROL B. INGALLS, Secretary of the WESTERN INSURANCE COMPANY, do hereby certify that the foregoing is a true excerpt from the Resolution of the said Company as adopted by its Board of Directors on February 4, 1994 and that this Resolution is in full force and effect.

I, the undersigned Secretary of the WESTERN INSURANCE COMPANY do hereby certify that the foregoing Power of Attorney is in full force and effect and has not been revoked.

In Testimony Whereof, I have hereunto set my hand and the seal of the WESTERN INSURANCE COMPANY on this   17th   day of November, 2004.

_____ Secretary



BD ED (2-94)

| PAYMENT BOND (See Instructions on reverse) | DATE BOND EXECUTED (Must be same or later than date of contract) September 29, 2004 | FORM APPROVED OMB NO. 9000-0045 |
|---|---|---|

Public reporting burden for this collection of information is estimated to average 25 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the FAR Secretariat (VRS), Office of Federal Acquisition Policy, GSA, Washington, D.C. 20405; and to the Office of Management and Budget, Paperwork Reduction Project (9000-0045), Washington, D.C. 20503.

**PRINCIPAL** (Legal name and business address)

Weston Solutions, Inc.
1400 Weston Way
West Chester, PA 19380

**TYPE OF ORGANIZATION** ("X" one)
- [ ] INDIVIDUAL
- [ ] PARTNERSHIP
- [ ] JOINT VENTURE
- [X] CORPORATION

**STATE OF INCORPORATION**: Ohio

**SURETY(IES)** (Name(s) and business address(es))

Lexon Insurance Company
10002 Shelbyville Rd., Suite 100
Louisville, KY 40223

**PENAL SUM OF BOND**

| MILLION(S) | THOUSAND(S) | HUNDRED(S) | CENTS |
|---|---|---|---|
| 2 | 874 | 000 | 00 |

| CONTRACT DATE | CONTRACT NO. |
|---|---|
| 09/29/04 | FA8903-04-D-8681-0091 |

**OBLIGATION:**

We, the Principal and Surety(ies), are firmly bound to the United States of America (hereinafter called the Government) in the above penal sum. For payment of the penal sum, we bind ourselves, our heirs, executors, administrators, and successors, jointly and severally. However, where the Sureties are corporations acting as co-sureties, we, the Sureties, bind ourselves in such sum "jointly and severally" as well as "severally" only for the purpose of allowing a joint action or actions against any or all of us. For all other purposes, each Surety binds itself, jointly and severally with the Principal, for the payment of the sum shown opposite the name of the Surety. If no limit of liability is indicated, the limit of liability is the full amount of the penal sum.

**CONDITIONS:**

The above obligation is void if the Principal promptly makes payment to all persons having a direct relationship with the Principal or a subcontractor of the Principal for furnishing labor, material or both in the prosecution of the work provided for in the contract identified above, and any authorized modifications of the contract that subsequently are made. Notice of those modifications to the Surety(ies) are waived.

**WITNESS:**

The principal and Surety(ies) executed this payment bond and affixed their seals on the above date.

**PRINCIPAL**

| SIGNATURE(S) | 1. BY: (Seal) | 2. (Seal) | 3. (Seal) | Corporate Seal |
|---|---|---|---|---|
| NAME(S) & TITLE(S) (Typed) | 1. | 2. | 3. | |

**INDIVIDUAL SURETY(IES)**

| SIGNATURE(S) | 1. (Seal) | 2. (Seal) |
|---|---|---|
| NAME(S) (Typed) | 1. | 2. |

**CORPORATE SURETY(IES)**

| SURETY A | NAME & ADDRESS | Lexon Insurance Company, Louisville, KY 40223 | STATE OF INC. TX | LIABILITY LIMIT $2,005,000.00 | Corporate Seal |
|---|---|---|---|---|---|
| | SIGNATURE(S) | 1. BY: | 2. | | |
| | NAME(S) & TITLE(S) (Typed) | 1. Sandra F. Harper Attorney-in-Fact | 2. | | |

NSN 7540-01-152-8061
Previous edition not usable
F.8769C (10/98)

25-205

STANDARD FORM 25-A
Prescribed by GSA — FAR (48 CFR) 53.228(c)

## CORPORATE SURETY(IES) (Continued)

| | | | STATE OF INC. | LIABILITY LIMIT $ | |
|---|---|---|---|---|---|
| **SURETY B** | NAME & ADDRESS | | | | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) (Typed) | 1. | 2. | | |
| **SURETY C** | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) (Typed) | 1. | 2. | | |
| **SURETY D** | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) (Typed) | 1. | 2. | | |
| **SURETY E** | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) (Typed) | 1. | 2. | | |
| **SURETY F** | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) (Typed) | 1. | 2. | | |
| **SURETY G** | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) (Typed) | 1. | 2. | | |

## INSTRUCTIONS

1. This form, for the protection of persons supplying labor and material, is used when a payment bond is required under the Act of August 24, 1935, 49 Stat. 793 (40 U.S.C. 270a-270e). Any deviation from this form will require the written approval of the Administrator of General Services.

2. Insert the full legal name and business address of the Principal in the space designated "Principal" on the face of the form. An authorized person shall sign the bond. Any person signing in a representative capacity (e.g., an attorney-in-fact) must furnish evidence of authority if that representative is not a member of the firm, partnership, or joint venture, or an officer of the corporation involved.

3. (a) Corporations executing the bond as sureties must appear on the Department of the Treasury's list of the approved sureties and must act within the limitation listed therein. Where more than one corporate surety is involved, their names and addresses shall appear in the spaces (Surety A, Surety B, etc.) headed "CORPORATE SURETY(IES)." In the space designated "SURETY(IES)" on the face of the form, insert only the letter identification of the sureties.

(b) Where individual sureties are involved, a completed Affidavit of Individual Surety (Standard Form 28) for each individual surety, shall accompany the bond. The Government may require the surety to furnish additional substantiating information concerning their financial capability.

4. Corporations executing the bond shall affix their corporate seals. Individuals shall excute the bond opposite the word "Corporate Seal", and shall affix an adhesive seal if executed in Maine, New Hampshire, or any other jurisdiction requiring adhesive seals.

5. Type the name and title of each person signing this bond in the space provided.

STANDARD FORM 25-A (REV. 1-90) BACK

F.9769C (10/88)

| AMENDMENT OF SOLICITATION/MODIFICATION OF CONTRACT | | 1. CONTRACT ID CODE<br>J - FFP | PAGE OF PAGES<br>1 of 2 |
|---|---|---|---|
| 2. AMENDMENT/MODIFICATION NO.<br>07 | 3. EFFECTIVE DATE<br>27 JUN 2006 | 4. REQUISITION/PURCHASE REQ NO.<br>N/A | 5. PROJECT NO (if applicable)<br>BXUR-03-0005 |
| 6. ISSUED BY  HSW/PKV-W   CODE  FA8903<br>AIR FORCE MATERIEL COMMAND<br>311TH HUMAN SYSTEMS WING/PKV<br>3300 SIDNEY BROOKS<br>BROOKS CITY BASE TX 78235-5112<br>FRANK G. CRUZ   210-536-4190<br>frank.cruz@brooks.af.mil | | 7. ADMINISTERED BY (If other than Item 6)  CODE  FA8903<br>DEPARTMENT OF THE AIR FORCE<br>AFMC 311 HUMAN SYSTEMS WING/PKV-W<br>3300 SIDNEY BROOKS<br>BROOKS CITY-BASE TX 78235-5112 | |

| 8. NAME AND ADDRESS OF CONTRACTOR (No., street, county, State and ZIP Code) | (X) | 9A. AMENDMENT OF SOLICITATION NO |
|---|---|---|
| WESTON SOLUTIONS, INC<br>1400 WESTON WAY<br>WEST CHESTER PA 19380-1469<br>(610) 701-5094 | | 9B. DATED (SEE ITEM 11) |
| | X | 10A. MODIFICATION OF CONTRACT/ORDER NO.<br>FA8903-04-D-8681 0091 |
| CODE  2M222   FACILITY CODE | | 10B. DATED (SEE ITEM 13)<br>29 SEP 2004 |

ORIGINAL

**11. THIS ITEM ONLY APPLIES TO AMENDMENTS OF SOLICITATIONS**

[ ] The above numbered solicitation is amended as set forth in Item 14. The hour and date specified for receipt of Offers [ ] is extended, [ ] is not extended.

Offers must acknowledge receipt of this amendment prior to the hour and date specified in the solicitation or as amended, by one of the following methods:
(a) By completing Items 8 and 15, and returning _____ copies of the amendment; (b) By acknowledging receipt of this amendment on each copy of the offer submitted; or (c) By separate letter or telegram which includes a reference to the solicitation and amendment numbers. FAILURE OF YOUR ACKNOWLEDGMENT TO BE RECEIVED AT THE PLACE DESIGNATED FOR THE RECEIPT OF OFFERS PRIOR TO THE HOUR AND DATE SPECIFIED MAY RESULT IN REJECTION OF YOUR OFFER. If by virtue of this amendment you desire to change an offer already submitted, such change may be made by telegram or letter, provided each telegram or letter makes reference to the solicitation and this amendment, and is received prior to the opening hour and date specified.

**12. ACCOUNTING AND APPROPRIATION DATA (If required)**

**13. THIS ITEM APPLIES ONLY TO MODIFICATION OF CONTRACTS/ORDERS. IT MODIFIES THE CONTRACT/ORDER NO. AS DESCRIBED IN ITEM 14.**

| (X) | | |
|---|---|---|
| | A. | THIS CHANGE ORDER IS ISSUED PURSUANT TO: (    ) THE CHANGES SET FORTH IN ITEM 14 ARE MADE IN THE CONTRACT ORDER NO. ITEM 10A. |
| | B. | THE ABOVE NUMBERED CONTRACT/ORDER IS MODIFIED TO REFLECT THE ADMINISTRATIVE CHANGES (such as changes in paying office, appropriation data, etc.) SET FORTH IN ITEM 14, PURSUANT TO THE AUTHORITY OF FAR 43.103(b). |
| X | C. | THIS SUPPLEMENTAL AGREEMENT IS ENTERED INTO PURSUANT TO AUTHORITY OF:<br>FAR 52.249-10 Default (Fixed-Price Construction) & FAR 52.236-2 Differing Site Conditions |
| | D. | OTHER (Specify type of modification and authority) |

E.  IMPORTANT:  Contractor [ ] is not, [X] is required to sign this document and return  1  copies to the issuing office.

**14. DESCRIPTION OF AMENDMENT/MODIFICATION** (Organized by UCF section headings, including solicitation/contract subject matter where feasible.)

MODIFICATION REASON: Extend Period of Performance

PROJECT MANAGER: John McCown, AFCEE/IWA, Brooks-City Base, TX 78235-5112

PAYMENT OFFICE: NAF ACCOUNTING OFFICE, BOLLING AFB, DC

Except as provided herein, all terms and conditions of the document referenced in Item 9A or 10A, as heretofore changed, remains unchanged and in full force and effect.

| 15A. NAME AND TITLE OF SIGNER (Type or print)<br>Todd Harrah  WERC Ops Mgr | 16A. NAME AND TITLE OF SIGNER (Type or print)<br>CHERYL M. BROWN<br>Contracting Officer | |
|---|---|---|
| 15B. CONTRACTOR/OFFEROR<br>*(signature)*<br>(Signature of person authorized to sign) | 15C. DATE SIGNED<br>6/29/06 | 16B. UNITED STATES OF AMERICA<br>BY *(signature)*<br>(Signature of Contracting Officer) | 16C. DATE SIGNED<br>30 Jun 06 |

NSN 7540-01-152-8070
PREVIOUS EDITION UNUSABLE
ConWrite Version 6.6.0
Created 28 Jun 2006  8:21 AM

30-105

STANDARD FORM 30 (REV.10-83)
Prescribed by GSA
FAR (48 CFR) 53.243

## I (a) PLAINTIFFS

United States of America f/u/b/o Specialty Construction Management, inc., et al.

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Andrew N. Cook, Esq.
Bell, Boyd & Lloyd LLP
1615 L St, N.W., Suite 1200, Wash., D.C. 20036
202 955-6828

## DEFENDANTS

Lexon Insurance Company, et al.

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
● 3 Federal Question (U.S. Government Not a Party)
○ 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

| ○ A. Antitrust | ○ B. Personal Injury/ Malpractice | ○ C. Administrative Agency Review | ○ D. Temporary Restraining Order/Preliminary Injunction |
|---|---|---|---|
| ☐ 410 Antitrust | ☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Medical Malpractice<br>☐ 365 Product Liability<br>☐ 368 Asbestos Product Liability | ☐ 151 Medicare Act<br><br>Social Security:<br>☐ 861 HIA ((1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g)<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)<br>Other Statutes<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 890 Other Statutory Actions (If Administrative Agency is Involved) | Any nature of suit from any category may be selected for this category of case assignment.<br><br>*(If Antitrust, then A governs)* |

| ○ E. General Civil (Other) | OR | ○ F. Pro Se General Civil | | |
|---|---|---|---|---|
| **Real Property**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent, Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property<br><br>**Personal Property**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | **Bankruptcy**<br>☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**Prisoner Petitions**<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br><br>**Property Rights**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>**Federal Tax Suits**<br>☐ 870 Taxes (US plaintiff or defendant)<br>☐ 871 IRS-Third Party 26 USC 7609 | **Forfeiture/Penalty**<br>☐ 610 Agriculture<br>☐ 620 Other Food &Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 RR & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other<br><br>**Other Statutes**<br>☐ 400 State Reapportionment<br>☐ 430 Banks & Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation | ☐ 470 Racketeer Influenced & Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Satellite TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 900 Appeal of fee determination under equal access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act | |

| ○ G. *Habeas Corpus/ 2255*<br><br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ○ H. *Employment Discrimination*<br><br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ○ I. *FOIA/PRIVACY ACT*<br><br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ○ J. *Student Loan*<br><br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ○ K. *Labor/ERISA (non-employment)*<br><br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ○ L. *Other Civil Rights (non-employment)*<br><br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ○ M. *Contract*<br><br>☐ 110 Insurance<br>☐ 120 Marine<br>☒ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ○ N. *Three-Judge Court*<br><br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
○ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
40 USC 3131, et seq.; Suit under the Miller Act

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23  DEMAND $ 900,000  Check YES only if demanded in complaint
JURY DEMAND:  YES ☐  NO ☒

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  YES ☐  NO ☒  If yes, please complete related case form.

DATE  5-14-07  SIGNATURE OF ATTORNEY OF RECORD  [signature]

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

  I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

  III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

  IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

  VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

  VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.