# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| United States *ex rel* Specialty Construction Management, Inc. *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>Lexon Insurance Company, *et al.*,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil No. 07-900 (RWR)<br>)<br>)<br>)<br>)<br>) |

## ANSWER AND COUNTERCLAIM

Defendant Weston Solutions, Inc. ("Weston") answers the Complaint as follows:

### THE PARTIES

1. Admitted, upon information and belief.

2. Admitted, upon information and belief.

3. Admitted.

### JURISDICTION AND VENUE

4. Admitted.

5. Admitted.

### FACTS

6. Admitted.

7. Admitted.

8. The allegations of the first two sentences are admitted. It is also admitted that, in response to directions from the government, Weston modified the work assigned

-2-

to SCM.  The remaining allegations of Paragraph 8 are denied.  By way of further answer, Specialty Construction Management, Inc. ("SCM") inexcusably delayed the project, due to SCM's own failures to properly manage or man the project and otherwise conduct the work in accordance with the requirements of its subcontract.  Additionally due to SCM's failure to conduct the work in accordance with the requirements of its subcontract, Weston was forced to self-perform certain aspects of SCM's subcontract work.  SCM is not entitled to payment of the unpaid balance of the subcontract price because of its breaches of the subcontract and Weston's resulting right of set-off.

9. Denied.  By way of further answer, SCM did not perform its work in accordance with the subcontract.  SCM's deficient performance included, but is not limited to, SCM's failure to properly man or manage the project, SCM's failure to perform in a workmanlike manner, and SCM's failure to adhere to the project schedule.  Due to SCM's failure to conduct the work in accordance with the requirements of its subcontract, Weston was also forced to self-perform certain aspects of SCM's subcontract work.  SCM is not entitled to payment of the unpaid balance of the subcontract price because of its breaches of the subcontract and Weston's resulting right of set-off.

10. Denied.  By way of further answer, SCM committed numerous breaches of the subcontract, including, without limitation, inexcusably failing to carry out its work within the time required by the subcontract, and so subjecting Weston to substantial delay damages.  SCM's currently alleged $900,000 in amounts owed but unpaid was first asserted only after Weston had informed SCM that it had suffered, and would assert against SCM, breach of contract damages in excess of $700,000.  The majority of SCM's

claim is unsupported by any timely requests for change orders or timely notices of claims, under the terms of the subcontract and, to the best of Weston's information and belief, are without a factual basis.

11. Denied.

12. Denied.

## COUNT I
### (Bond Claim)

13. Defendant incorporates by reference its answers to Paragraphs 1 - 12 of the Complaint, as if stated here in full.

14. Denied. By way of further answer, Weston has never received invoices from SCM in an amount totaling $900,000.

15. Denied. By way of further answer, SCM has not performed additional or modified work at Weston's direction entitling it to the claimed amount, is not entitled to payment of the unpaid balance of the subcontract price because of its breaches of the subcontract and Weston's resulting right of set-off, and has failed to timely submit a written change order or timely notice of claim under the terms of the subcontract for the $900,000 that SCM currently claims.

16. The allegations of Paragraph 16 state legal conclusions to which no response is required. It is, however, denied that SCM is entitled to recover under the payment bond provided by Weston, Lenox, Bond Safeguard, and Western Insurance, as the amounts claimed are not properly due and owing to SCM.

17. Denied. By way of further answer, Weston incorporates by reference its answers to Paragraphs 1 - 16. SCM has not performed additional or modified work at Weston's direction entitling it to the claimed amount, is not entitled to payment of the

-3-

unpaid balance of the subcontract price because of its breaches of the subcontract and Weston's resulting right of set-off, and has failed to timely submit any written change order or timely notice of claim under the terms of the subcontract.

18. Denied.

WHEREFORE, Defendant Weston Solutions, Inc. respectfully requests judgment in its favor and against Plaintiffs on all counts of the Complaint, together with costs and such other relief as the Court deems appropriate.

## COUNT II
### (Breach Of Contract Claim)

19. Weston incorporates by reference its answers to Paragraphs 1-18 of the Complaint as if stated here in full.

20. Denied.

21. Denied.

WHEREFORE, Defendant Weston Solutions, Inc. respectfully requests judgment in its favor and against Plaintiffs on all counts of the Complaint, together with costs and such other relief as the Court deems appropriate.

### FIRST AFFIRMATIVE DEFENSE

22. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted against Weston.

### SECOND AFFIRMATIVE DEFENSE

23. SCM's claims are barred in whole or in part by the doctrines of waiver and/or estoppel in that SCM failed to timely submit any written change order or timely

-4-

#8680541 v3

notice of claim under the terms of the subcontract for the amount claimed in its Complaint.

### THIRD AFFIRMATIVE DEFENSE

24. SCM's claims are barred or subject to set-off, in whole or in part, on account of SCM's breaches of the subcontract.

### FOURTH AFFIRMATIVE DEFENSE

25. Any recovery against Weston must be reduced to the extent SCM has failed to adequately mitigate, minimize or avoid any damages it allegedly sustained.

### COUNTERCLAIM

Weston Solutions, Inc., for its counterclaim, avers as follows:

### JURISDICTION AND VENUE

26. Pursuant to 28 § U.S.C. 1367, this Court has Jurisdiction over this matter because Weston's claims are so related to SCM's claims that they form part of the same claim or controversy averred by SCM in that the claims arise out of the same subcontract.

27. Pursuant to 28 U.S.C. § 1391(a)(2), venue is proper in this Court because the events giving rise to the claim occurred in this Judicial District.

### FACTS

28. On or about September 29, 2004, the United States Department of the Air Force issued to Weston, and Weston accepted, a task order under Worldwide Environmental Restoration and Construction Contract No. FA8903-03-D-8681 ("Prime Contract"). The Prime Contract required that Weston carry out certain work for interior renovations and construction of an addition to the Bolling Air Force Base Youth Center.

29. On or about December 21, 2004, Weston entered into a written subcontract with SCM ("Subcontract"), under which SCM agreed to perform certain of the work required by the Prime Contract, for a fixed subcontract price of $3,123,120. Both parties have copies of the Subcontract, which has therefore not been attached as an exhibit to the Counterclaim.

30. The Subcontract expressly required that SCM complete its work within the time allowed to Weston under the Prime Contract.

31. SCM failed to carry out its work within the time allowed by the Subcontract, due to inexcusable delays caused by its own failures including, inter alia, failure to properly manage and man the work, failure to maintain adequate supplies of necessary materials to promote prompt progress of the work, and failure to perform the work properly and in a workmanlike manner, causing re-work and inefficiencies, and resulting in costs to Weston.

32. Despite Weston's repeated requests that SCM mitigate its inexcusable delays and Weston's notice to SCM of damages to Weston caused by SCM's delays, the delays persisted, subjecting Weston to substantial delay costs including, without limitation, the costs of extended management of the work and associated extended field and home office overheads.

33. Due to SCM's failure to conduct the work in accordance with the requirements of the Subcontract, Weston was also forced to self-perform certain aspects of SCM's Subcontract work. SCM failed to pay Weston for this self-performed work despite Weston's notice to SCM of damages to Weston.

## COUNT I – BREACH OF CONTRACT

34. Weston incorporates by reference Paragraphs 26-33 of the Counterclaim as if stated here in full.

35. SCM's failure to carry out its work within the time allowed by the Subcontract, due to inexcusable delays caused by its own failures including, inter alia, failure to properly manage and man the work, failure to maintain adequate supplies of necessary materials to promote prompt progress of the work and failure to perform the work properly and in a workmanlike manner, as well as the need for Weston to self-perform certain aspects of SCM's Subcontract work, constitute a material breach of the Subcontract.

WHEREFORE, Defendant Weston Solutions, Inc. respectfully requests judgment in its favor and against Plaintiff in an amount in excess of $780,000, as well as interest, costs of suit and other such relief as the Court deems is proper and just in the circumstances.

Respectfully submitted,

   /s/ Charles H. Carpenter_____
Charles H. Carpenter (D.C. Bar No. 432004)
Heather K. Weiner (D.C. Bar No. 501637)
PEPPER HAMILTON LLP
Hamilton Square
600 Fourteenth Street, N.W.
Washington, D.C. 20005-2004
(202) 220-1200
(202) 220-1665 (fax)
carpenterc@pepperlaw.com

Joseph T. Imperiale
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth & Arch Streets

-8-

                                              Philadelphia, PA  19103-2799
                                              (215) 981-4000

                                              Attorneys for Defendant,
Dated:  July 2, 2007                            Weston Solutions, Inc.