## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA f/u/b/o SPECIALTY CONSTRUCTION MANAGEMENT, INC.** 1818 New York Avenue, N.E., Suite 229 Washington, D.C. 20002 <br><br> **and** <br><br> **SPECIALTY CONSTRUCTION MANAGEMENT, INC.** 1818 New York Avenue, N.E., Suite 229 Washington, D.C. 20002 <br><br> **Plaintiffs,** <br><br> **v.** <br><br> **LEXON INSURANCE COMPANY, et al.** <br><br> **Defendants.** | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Civil Case No. 07-900 (RWR) |

### ANSWER TO COUNTERCLAIM OF WESTON SOLUTIONS, INC.

Use-Plaintiff The United States of America f/u/b/o Specialty Construction Management, Inc. and Specialty Construction Management, Inc. ("SCM") hereby answer the Counterclaim in seriatim of Weston Solutions, Inc. ("Weston") and state in support thereof as follows:

### JURISDICTION AND VENUE

1. The allegations of Paragraph 26 call for a legal conclusion not calling for a response from SCM. To the extent a response is required, the allegations of Paragraph 26 are denied.

2. In response to the allegations of Paragraph 27, SCM admits that venue is proper in this Court for facts and issues relating to Plaintiff's Complaint.

## FACTS

3.      The allegations of paragraph 28 are admitted on information and belief.

4.      In response to the allegations of Paragraph 29, SCM admits that it entered into a subcontract with Weston but that the date, terms and conditions of the subcontract speak for themselves.  To the extent Weston's allegations in Paragraph 29 differ from the text of the subcontract, those allegations are denied.

5.      In response to the allegations of Paragraph 30, SCM admits that it entered into a subcontract with Weston but that the date, terms and conditions of the subcontract speak for themselves.  To the extent Weston's allegations in Paragraph 30 differ from the text of the subcontract, those allegations are denied.

6.      The allegations of Paragraph 31 are denied.

7.      The allegations of Paragraph 32 are denied.

8.      The allegations of Paragraph 33 are denied and therefore, SCM was under no obligation to make any payments to Weston.

## COUNT I
### (Bond Claim)

9.      The preceding paragraphs 1 - 8 are incorporated as if fully set forth herein.

10.      The allegations of Paragraph 35 are denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Counterclaim fails to state a claim upon which relief may be granted against SCM.

### SECOND AFFIRMATIVE DEFENSE

Weston's claims against SCM are barred by Weston's own failure to perform and breaches of contract.

## THIRD AFFIRMATIVE DEFENSE

Weston's claims against SCM are barred by Weston's failure to give timely notice to SCM of any alleged defects, failing to provide SCM an opportunity to cure any alleged defect, and Weston's failure to mitigate its damages.

## FOURTH AFFIRMATIVE DEFENSE

Weston's claims are barred by the doctrines of release, accord and satisfaction, failure of consideration, failure to satisfy a condition precedent and/or the expiration of any applicable limitations period, waiver, estoppel and/or laches, set-off and/or recoupment.

WHEREFORE, the United States of America f/u/b/o Specialty Construction Management, Inc. and Specialty Construction Management, Inc. requests that Weston Solutions, Inc.'s Counterclaim be dismissed with Prejudice and that this Court enter such other and further relief as this Court deems just and proper.

Date:  July 5, 2007                                 Respectfully submitted,

**BELL, BOYD & LLOYD LLP**

By_____/s/Andrew N. Cook_____
          Andrew N. Cook  (D.C. Bar 416199)
          1615 L Street, N.W., Suite 1200
          Washington, DC  20036-5610
          Telephone:     (202) 466-6300
          Facsimile:     (202) 463-0678
          Attorneys for Plaintiffs

**Certificate of Service**

I, Andrew N. Cook, hereby certify that I mailed a copy of the attached Answer to Counterclaim of Specialty Construction Management, Inc. to the following via first class mail, postage prepaid this 5th day of July, 2007:

LEXON INSURANCE COMPANY
10002 Shelbyville Road, Suite 100
Louisvillle, KY  40223

and

BOND SAFEGUARD INSURANCE AGENCY aka BOND SAFEGUARD INSURANCE COMPANY
1919 S. Highland Avenue, Bldg. A, Suite 300
Lombard, IL  60148

and

WESTERN INSURANCE COMPANY
3301 South Virginia Street
Reno, NV  89502

and


Charles H. Carpenter, Esq.
Heather K. Weiner, Esq.
Pepper Hamilton LLP
600 Fourteenth Street, N.W.
Washington, DC  20005

/s/Andrew N. Cook_____
Andrew N. Cook