IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| United States *ex rel* Specialty Construction Management, Inc. *et al.*,<br><br>          Plaintiffs,<br><br>     v.<br><br>Lexon Insurance Company, *et al.*,<br><br>          Defendants. | Civil No. 07-900 (RWR) |

## ANSWER

Defendants Lexon Insurance Company ("Lexon"), Bond Safeguard Insurance Company ("Bond Safeguard") and Western Insurance Company ("Western") (hereinafter collectively referred to as "Defendants") answer the Complaint as follows:

### THE PARTIES

1.     Admitted, upon information and belief.

2.     Denied as stated.  Lexon is a Texas corporation, with a principal office in Louisville, Kentucky, and is registered to do business as a surety in Washington, D.C. Bond Safeguard is an Illinois corporation with a principal place of business in Lombard, Illinois, and is registered to do business as a surety in Washington, D.C.  Western is a Nevada corporation, with a principal place of business in Reno, Nevada.  By way of further answer, Bond Safeguard and Western are reinsurers of the payment bond at issue and not sureties.

3.     Admitted.

-2-

## JURISDICTION AND VENUE

4. Admitted.

5. Admitted.

## FACTS

6. Admitted.

7. Denied as stated. It is denied that "Safeco as surety executed and delivered to the United States their Payment Bond (the "Bond" attached as Exhibit 1 hereto), conditioned as required by the Miller Act, for the protection of all persons supplying labor and materials in the prosecution of the work provided for in the Prime Contract." It is admitted that Weston as principal and Lexon as surety "executed and delivered to the United States their Payment Bond (the "Bond" attached as Exhibit 1 hereto), conditioned as required by the Miller Act, for the protection of all persons supplying labor and materials in the prosecution of the work provided for in the Prime Contract." By way of further answer, Bond Safeguard and Western are reinsurers of the payment bond and not sureties.

8. The allegations of the first two sentences are admitted. It is also admitted that, in response to directions from the government, Weston modified the work assigned to Specialty Construction Management, Inc. ("SCM"). The remaining allegations of Paragraph 8 are denied. By way of further answer, SCM inexcusably delayed the project, due to SCM's own failures to properly manage or man the project and otherwise conduct the work in accordance with the requirements of its subcontract. Additionally due to SCM's failure to conduct the work in accordance with the requirements of its subcontract, Weston was forced to self-perform certain aspects of SCM's subcontract

-3-

work. SCM is not entitled to payment of the unpaid balance of the subcontract price because of its breaches of the subcontract and Weston's resulting right of set-off.

9. Denied. By way of further answer, SCM did not perform its work in accordance with the subcontract. SCM's deficient performance included, but is not limited to, SCM's failure to properly man or manage the project, SCM's failure to perform in a workmanlike manner, and SCM's failure to adhere to the project schedule. Due to SCM's failure to conduct the work in accordance with the requirements of its subcontract, Weston was also forced to self-perform certain aspects of SCM's subcontract work. SCM is not entitled to payment of the unpaid balance of the subcontract price because of its breaches of the subcontract and Weston's resulting right of set-off.

10. Denied. By way of further answer, SCM committed numerous breaches of the subcontract, including, without limitation, inexcusably failing to carry out its work within the time required by the subcontract, and so subjecting Weston to substantial delay damages. SCM's currently alleged $900,000 in amounts owed but unpaid was first asserted only after Weston had informed SCM that it had suffered, and would assert against SCM, breach of contract damages in excess of $700,000. The majority of SCM's claim is unsupported by any timely requests for change orders or timely notices of claims, under the terms of the subcontract and, to the best of Weston's information and belief, are without a factual basis.

11. Denied.

12. Denied.

## COUNT I
### (Bond Claim)

#8680541 v3

13.     Defendants incorporate by reference their answers to Paragraphs 1 - 12 of the Complaint, as if stated here in full.

14.     Denied. By way of further answer, Weston has never received invoices from SCM in an amount totaling $900,000.

15.     Denied. By way of further answer, SCM has not performed additional or modified work at Weston's direction entitling it to the claimed amount, is not entitled to payment of the unpaid balance of the subcontract price because of its breaches of the subcontract and Weston's resulting right of set-off, and has failed to timely submit a written change order or timely notice of claim under the terms of the subcontract for the $900,000 that SCM currently claims.

16.     The allegations of Paragraph 16 state legal conclusions to which no response is required. It is, however, denied that SCM is entitled to recover under the payment bond provided by Weston and Defendants, as the amounts claimed are not properly due and owing to SCM.

17.     Denied. By way of further answer, Defendants incorporate by reference their answers to Paragraphs 1 - 16. SCM has not performed additional or modified work at Weston's direction entitling it to the claimed amount, is not entitled to payment of the unpaid balance of the subcontract price because of its breaches of the subcontract and Weston's resulting right of set-off, and has failed to timely submit any written change order or timely notice of claim under the terms of the subcontract.

18.     Denied.

WHEREFORE, Defendants Lexon Insurance Company, Bond Safeguard Insurance Company and Western Insurance Company respectfully requests judgment in

its favor and against Plaintiffs on all counts of the Complaint, together with costs and such other relief as the Court deems appropriate.

## COUNT II
### (Breach Of Contract Claim)

19. The averments of this paragraph relate to a non-answering defendant and therefore no response is required.

20. The averments of this paragraph relate to a non-answering defendant and therefore no response is required.

21. The averments of this paragraph relate to a non-answering defendant and therefore no response is required.

WHEREFORE, Defendants Lexon Insurance Company, Bond Safeguard Insurance Company and Western Insurance Company respectfully request judgment in their favor and against Plaintiffs on all counts of the Complaint, together with costs and such other relief as the Court deems appropriate.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails, in whole or in part, to state a claim upon which relief can be granted against Defendants.

## SECOND AFFIRMATIVE DEFENSE

SCM's claims are barred in whole or in part by the doctrines of waiver and/or estoppel in that SCM failed to timely submit any written change order or timely notice of claim under the terms of the subcontract for the amount claimed in its Complaint.

#8680541 v3

## THIRD AFFIRMATIVE DEFENSE

SCM's claims are barred or subject to set-off, in whole or in part, on account of SCM's breaches of the subcontract.

## FOURTH AFFIRMATIVE DEFENSE

Any recovery against Defendants must be reduced to the extent SCM has failed to adequately mitigate, minimize or avoid any damages it allegedly sustained.

Respectfully submitted,

\_\_\_/s/ Charles H. Carpenter_____
Charles H. Carpenter (D.C. Bar No. 432004)
Heather K. Weiner (D.C. Bar No. 501637)
PEPPER HAMILTON LLP
Hamilton Square
600 Fourteenth Street, N.W.
Washington, D.C.  20005-2004
(202) 220-1200
(202) 220-1665 (fax)
carpenterc@pepperlaw.com

Wendy F. Klein Keane
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth & Arch Streets
Philadelphia, PA  19103-2799
(215) 981-4000

*Attorneys for Defendants,
Lexon Insurance Company, Bond Safeguard Insurance Company, and Western Insurance Company*

Dated:  July 27, 2007

#8680541 v3