**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **UNITED STATES OF AMERICA f/u/b/o SPECIALTY CONSTRUCTION MANAGEMENT, INC.**<br>1818 New York Avenue, N.E., Suite 229<br>Washington, D.C. 20002<br><br>and<br><br>**SPECIALTY CONSTRUCTION MANAGEMENT, INC.**<br>1818 New York Avenue, N.E., Suite 229<br>Washington, D.C. 20002<br><br>**Plaintiffs,**<br><br>v.<br><br>**LEXON INSURANCE COMPANY, et al.**<br><br>**Defendants.** | Civil Case No. 07-900 (RWR) |

## LOCAL RULE 16.3 JOINT REPORT

Plaintiff The United States of America f/u/b/o Specialty Construction Management, Inc. and Specialty Construction Management, Inc. ("SCM") and Defendants Lexon Insurance Company ("Lexon"), Bond Safeguard Insurance Company ("Bond Safeguard"), Western Insurance Company ("Western") and Weston Solutions, Inc. ("Weston"), through their respective counsel, submit their Joint Local Rule 16.3 Report and state in support thereof as follows:

Summary of case:

This litigation was filed, in part, under the Miller Act, 40 USCA §3131, et seq., whereby Plaintiff seeks to recover monies it believes to be due and owing it for work performed at Bolling Air Force Base (the "Project") in Washington, D.C.  SCM has sued the prime contractor, Weston, as well as the prime contractor's surety and reinsurers, Lexon, Bond Safeguard and Western, under a payment bond.  Weston has filed a counterclaim against SCM relating to SCM's alleged failure to conduct the work at the Project in accordance with the requirements of the subcontract.

Rule 16.3 (c) Topics

1. Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the Court that discovery or other matters should await a decision on the motion.

**Response**: At this time, the parties do not believe matters herein can be completely resolved by dispositive motion.

2. The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.

**Response**: The parties do not believe it necessary to join any other parties.  SCM may file an amended complaint merely to correct a typographical error in the original pleading.  The parties also request that they be able to amend a pleading or add a party if during discovery new information arises which requires new parties to be added or pleadings amended.  The parties therefore request that any such joining of an additional party or amending a pleading be filed within 14 days of the close of discovery.

    3.    Whether the case should be assigned to a magistrate judge for all purposes, including trial.

    **Response**:    The parties do not wish to have this matter assigned to a magistrate except for a settlement conference.

    4.    Whether there is a realistic possibility of settling the case.

    **Response**:    The parties are uncertain at this juncture whether there is a realistic possibility of settling the case.

    5.    Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.  In assessing the above, counsel has considered:

    (i)    the client's goals in bringing or defending the litigation;

    (ii)    whether settlement talks have already occurred and, if so, why they did not produce an agreement;

    (iii)    the point during the litigation when ADR would be most appropriate, with special consideration given to:

    (aa)    whether ADR should take place after the informal exchange or production through discovery of specific items of information; and

    (bb)    whether ADR should take place before or after the judicial resolution of key legal issues;

    (iv)    whether the parties would benefit from a neutral evaluation of their case, which could include suggestions regarding the focus of discovery, the legal merits of the claim, an assessment of damages and/or the potential settlement value of the case; and

108232/F/1

(v)     whether cost savings or any other practical advantages would flow from a stay of discovery or other pre-trial proceedings while an ADR process is pending.

**Response**:    The parties believe, after consultation with their clients, that nonbinding mediation or a settlement conference at the close of discovery may facilitate settlement of this case.

6.    Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.

**Response**:    At this time, the parties do not believe that this case will be resolved by summary judgment or motion to dismiss. Part of the case may be amenable to resolution pursuant to a Motion for Partial Summary Judgment. The parties, however, have adopted the Court's standard Cases Discovery Schedule with the following dates:

Deadline for Initial Disclosures - 14 days after Local Rule 16(b)/Rule 26(f) conference

Deadline for Post-Rule 26(a) Discovery Requests - 10/22/2007 (45 days after initial scheduling conference)

Deadline for Plaintiff's R. 26(a)(2) statements - 11/6/2007 (60 days after initial scheduling conference)

Deadline for Defendants' R. 26(a)(2) statements - 12/6/2007 (90 days after initial scheduling conference)

All discovery closed - 1/7/2008 (120 days after initial scheduling conference)

Pre-trial conference - 1/28/2008

Limits on number of interrogatories - 25

Limits on number of depositions per side - 5

7. Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P., and if no, what changes should be made in the scope, form or timing of those disclosures.

**Response**: The parties believe that they should not dispense with initial disclosures and that those disclosures should be exchanged as required under the Court's Standard discovery track as referenced above.

8. The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.

**Response**: The parties agree to this Court's Standard track as indicated above and do not see a need for a protective order at this juncture but reserve the right to seek a protective order if one becomes necessary.

9. Whether the requirement of exchange of expert witness reports and information pursuant to F.R.Civ. P. 26(a)(2) should be modified, and whether and when depositions of experts should occur.

**Response**: The parties believe that reports and depositions of experts should occur within the Standard track period for depositions and otherwise as referenced above.

10. This item pertains to class actions, not relevant to this litigation.

11. Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.

**Response**: The parties do not believe the proceedings should be bifurcated or managed in phases.

108232/F/1

12. The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).

**Response**: The parties have agreed to a pretrial conference date of January 28, 2008.

13. Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.

**Response**: The parties believe that a firm date for the trial should be set at the initial scheduling conference.

14. Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.

**Response**: As indicated herein, the parties believe the Court's Standard track for discovery is most appropriate for this case. The parties will make initial disclosures as required under the Standard track as indicated above.

Respectfully submitted,

BELL, BOYD & LLOYD PLLC


By _____/s/_____
    Andrew N. Cook (#416199)
    1615 L Street, N.W., #1200
    Washington, DC  20036
    Telephone:   (202) 955-6826
    Facsimile:   (202) 463-0678
    Attorneys for
    Plaintiff/Counter Defendant
    Email:  acook@bellboyd.com

PEPPER HAMILTON LLP

By _____/s/_____
    Charles Henry Carpenter (#432004)
    Heather K. Weiner (#501637)
    Hamilton Square
    600 Fourteenth Street, N.W.
    Washington, D.C. 20005-2008
    Telephone:  (202) 220-1217
    Facsimile:  (202) 220-1665
    Email: carpenterc@pepperlaw.com

and

Wendy F. Klein Keane
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103-2799
(215) 981-4982

Attorneys for Defendants/Counter Plaintiff